IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BILLY JOE LAVERTY,

                      Petitioner,

       v.                                CASE NO. 05-3150-RDR

WARDEN GALLEGOS,

                      Respondent.

**MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus, 28 U.S.C. 2241, filed by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Petitioner is serving a sentence of 58 months with 3 years supervised release imposed in 2001 upon his conviction of bank robbery in the United States District Court for the Northern District of Oklahoma. Petitioner does not challenge his conviction or sentence. He claims instead that his "release date is incorrect."

Petitioner alleges in support that he was removed from state custody, where he was being held as a pretrial detainee, to attend his sentencing hearing in federal court on September 6, 2001, pursuant to a writ of habeas corpus ad prosequendum. He further alleges that upon "his return to state custody" on September 21, 2001, he was sentenced to 5 years imprisonment for assault with a dangerous weapon in Tulsa County District Court, and this sentence was ordered to run concurrent with the federal

sentence. He asserts that the state court's sentencing order "surrendered exclusive jurisdiction over their sentence." He claims it was then "the duty of the federal government to insure the federal sentence promptly started." Instead, federal prison authorities chose not to take him into federal custody and merely lodged a detainer against him. He complains that as a result his federal sentence "only started when he was received into the federal prison system" after he was paroled from state custody "to the federal detainer." He claims the federal government's actions changed his "sentence" from 58 months to 5 years and 58 months. He seeks to have his federal sentence recalculated with a start date of September 6, 2001, and credit for all time he thereafter spent in state custody, which would "significantly" change the release date of his federal sentence.

A provision of the Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions" until a prisoner exhausts his available administrative remedies. 42 U.S.C. 1997e(a). Petitioner states on his form petition that he did not seek administrative relief because " the staff" at USPL "states the issue is for the Courts to decide." The United States Supreme Court has held that Section 1997e(a) "makes exhaustion 'mandatory' for all 'inmate suits about prison life'." Porter v. Nussle, 534 U.S. 516, 524 (2002). The Tenth Circuit Court of Appeals stated, "Under the

2

plain statutory language and the Supreme Court case law, the substantive meaning of (Section) 1997e(a) is clear: "[R]esort to a prison grievance process must precede resort to a court." Id.; Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003), cert. denied, 125 S.Ct. 344 (2004). The Tenth Circuit has also held that a prisoner "must plead exhaustion with specificity." Steele, 355 F.3d at 1209, 1211. To comply with Section 1997e(a), a prisoner is required to attach a copy of the applicable administrative dispositions to his pleading, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. Id. at 1210. The exhaustion mandate applies even if a prisoner understood that his claims were "non-grievable," or felt a prison official's statement "frustrated his ability to proceed with administrative remedies." Id. at 1214. Petitioner states in his petition that he has not exhausted administrative remedies. As a result, this action must be dismissed without prejudice for failure to exhaust.

In passing, the court notes the factual allegations of the Petition fail to establish that petitioner is entitled to federal habeas corpus relief. His transfer to federal court for sentencing by writ of habeas corpus ad prosequendum is not shown to have been a relinquishment of custody by the state. The state court's subsequent order that petitioner's state sentence run

3

concurrent to his prior federal sentence is also not shown to have been a mandate to the United States Bureau of Prisons to take petitioner into its custody.  Instead, it is assumed that petitioner was committed by the state court to the state department of corrections.  The state authorities would have had to effectuate the order by, for example, relinquishing custody to federal authorities.  If petitioner files another action after administrative remedies have been exhausted, he will need to allege additional facts to support his claim.

IT IS THEREFORE BY THE COURT ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that this action is dismissed and all relief denied.

DATED:  This 14th day of April, 2005, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge

4